IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ADALINE JACKSON, | * |
|    Plaintiff, | * |
| |   NO. 12-2932 |
| v. | * |
| |   JURY DEMANDED |
| THE KROGER FOOD COMPANY, | * |
|    Defendant. | * |

**COMPLAINT**

Your plaintiff, Adaline Jackson, was a resident of Shelby County, Memphis, State of Tennessee, when the illegal unconstitutional acts described below occurred.

During the last year of her seventeen (17) years of employment as a cashier with The Kroger Food Company (herein after "Kroger" or "defendant") Plaintiff has been exposed to a hostile work environment and harassment, based on race and age by the new store manager, Jerry Roach, which were highly unusual for her 17 years of service at the same location. Plaintiff promptly complained and requested a transfer in an effort to improve her working conditions but this was repeatedly denied. Plaintiff views this as direct retaliation and harassment towards her.

Plaintiff brings this action against Defendant pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq*., the Civil Rights Act of 1991, Title VII of the Civil Rights Act of 1964, as codified and amended at 42 U.S.C. §§2000e et

seq. and for retaliation under these statutes. Plaintiff has compiled with all necessary administrative and procedural prerequisites prior to bringing this action in that she timely filed her Charge of Discrimination with the EEOC (Exhibit A) and she has instituted this action within ninety (90) days of receipt of the Dismissal and Notice of Rights issued by the EEOC. (Exhibit B). This is an action for declaratory judgment, compensatory relief, attorney fees, and punitive damages.

## II. JURISDICTION AND VENUE

1. The jurisdiction of this Honorable Court is invoked pursuant to the provision of 28 U.S.C. §§ 1343(3), 1343(4), 2201, 2202, and 42 U.S.C. §§ 2000e-5(f).

2. The jurisdiction in this matter is founded on the existence of a Federal Question and amount in controversy.

3. This action arises under the United States Constitution, the Fourteenth Amendment, as hereinafter more fully appears.

4. Jurisdiction is also founded on the existence of a question arising under particular statutes.

5. This action is authorized by the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* and the Civil Rights Act of 1991 and Title VII of the Civil Rights Act of 1964, as codified and amended at 42 U.S.C. §§2000e et seq. This Court has jurisdiction of the plaintiff's state law claims under the doctrine of Pendent Jurisdiction and the Tennessee Human Rights Act.

## III.  PARTIES

1. Plaintiff, Adaline Jackson, (hereinafter "Ms. Jackson" or "Plaintiff") is a citizen of the United States currently residing in Shelby County, State of Tennessee, and was a resident of Shelby County, State of Tennessee, when the events herein described occurred.  Ms. Jackson was employed by the defendant as a cashier for seventeen (17) years at the Mendenhall location of Kroger in Memphis, Tennessee. Ms. Blackburn's birth date is November 2, 1962.

2. Defendant, The Kroger Food Company (hereinafter "Kroger" or "Defendant"), employed the plaintiff and has over 1,000 employees.  The Kroger Food Company is a corporation duly licensed to do business and doing business in Memphis, Shelby County Tennessee. Defendant maintains its primary offices in Memphis at 800 Ridge Lake Boulevard, Memphis Tennessee 38120 and its regional offices at 1014 Vine Street, Cincinnati, Ohio 45202-1100.

## IV. FACTUAL ALLEGATIONS

1. Plaintiff has been subjected to harassment in the form of multiple disciplinary actions by newly transferred manager Jerry Roach (white male, 50s).
2. Jerry Roach was assigned to Ms. Jackson's store in March 2010.
3. This harassment occurred between July 14, 2010 and resulted in her wrongful termination on April 29, 2011.
4. The proffered reasons for her termination are a pretext for discrimination.
5. Prior to Jerry Roach coming to her store Ms. Jackson had little to no disciplinary actions to her knowledge.

3

6. Mr. Roach told Ms. Jackson that she needed to pick up the pace or he would get rid of her and that she was too old.

7. On July 31, 2010, October 25, 2010, December 1, 2010 and December 21, 2010 plaintiff was issued disciplinary actions that were discriminatory.

8. Plaintiff has been subjected to retaliation in the form of failure to allow and request to transfer by newly transferred manager Jerry Roach.

9. Ms. Jackson requested a transfer more than one time between February and May 2011.

10. Mr. Roach denied these transfer requests and did not provide any reasoning.

11. Ms. Jackson also filed a Union grievance.

12. A meeting was held regarding Ms. Jackson's transfer request to Mr. Roach with the plaintiff, Chuck Priest, Jackie Crawford, a union representative, and another white male union representative.  Chuck Priest denied the transfer at the meeting.

13. Ms. Jackson also met with a Ms. Goodman, Zone Manager for step 3 of her grievance wherein Ms. Goodman denied the transfer.

14. Mr. Jerry Roach puts more burdens of employment on black employees, including plaintiff, than their white counterparts.

15. The blacks were always expected to do a little bit more than the whites to get Mr. Roach's approval.

16. Ms. Jackson has not been treated the same with respect to similarly situated white and younger employees.

## V. CAUSES OF ACTION

1. The Plaintiff avers and believes that the foregoing treatment afforded her was made and done with intent and effect of discriminating against her because of her age and sex.  Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC"), Memphis Area Office, pursuant to the provisions of federal law, which charge was assigned Charge No. 490-2011-01413, alleging Age and Race Discrimination.  Upon information and belief, said Commission determined that the EEOC was terminating the processing of the initial charge.  See the Right to Sue and Determination letter, dated July 27, 2012. (attached).

2. Age and Race were undoubtedly factors when these employment decisions were made concerning Plaintiff.  Therefore, Plaintiff avers and believes that the foregoing treatment afforded her was made and done with the intent and effect of discriminating against, retaliating and harassing her because of her age and race.

3. Termination based on age violates the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq*.

4. Termination based on race and age violates Title VII of the Civil Rights Act of 1964, as codified and amended at 42 U.S.C. §§2000e et seq

5. Said employment practices and adverse employment decisions have resulted in both the disparate treatment of Plaintiff and a disparate impact upon older employees and black employees as a whole.

6. All of the above acts, omissions, and/or treatment of Plaintiff herein by Defendant were made and done pursuant to general policy and practice of discrimination by

said Defendant affecting the terms, conditions, benefits, and burdens of employment on account of Plaintiff's age and race, said policy and practice being maintained and enforced by Defendant in violation of statutory provisions cited herein.

7. All of the above acts of Defendant set forth herein constitute outrageous misconduct and have caused and will continue to cause Plaintiff mental agony and anguish, emotional distress, humiliation, embarrassment, loss of income and employment opportunities, loss of social standing and reputation, and loss of the enjoyment of life, for all of which Plaintiff sues.

8. Defendant was and is responsible for the supervision and training of its employees, as well as for management and policy-making regarding its employees' actions and employment.

9. The process of complaint and investigation offered by the defendant is in violation of federal statutes and codes and the case law interpreting them.

10. Plaintiff was treated differently than younger and white co-workers who were similarly situated and Defendant's actions created a hostile work environment which was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment and created an abusive working environment.

11. Plaintiff has been retaliated against for filing EEOC Complaints and complaining about discrimination.

WHEREFORE, Plaintiff asks for the following relief from this Honorable Court, jointly and severally, against the defendant herein:

1. Advance this on the docket for a speedy trial, and grant Plaintiff a judgment declaring that Shelby County through its Sheriff's Department and its agents and/or employees, including those mentioned herein, have violated the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.*, and Title VII of the Civil Rights Act of 1964, as codified and amended at 42 U.S.C. §§2000e et seq in denying and/or restricting Plaintiff's equal employment opportunities because of her age and race and in failing and refusing to maintain a work environment free of discrimination.

2. Award the plaintiff an injunction putting the plaintiff back in the position she would have been in had there been no discrimination.

3. Award double back pay to the plaintiff for defendant's willful actions.

4. Award the plaintiff eight hundred fifty thousand dollars ($850,000.00) compensatory damages and two hundred fifty thousand dollars ($250,000) punitive damages, totaling the sum of one million dollars ($1,000,000.00) against the defendant on account of said wrongful actions of Defendant.

5. Award Plaintiff her costs and reasonable attorney's fees for services rendered and to be rendered in this case and also such other, further, and different relief that the Court may deem appropriate.

Respectfully submitted,

s/Randall B. Tolley BPR #: 14679
Law Office of Randall B. Tolley
242 Poplar Avenue
Memphis, TN  38103
(901) 526-1088
tolleylaw@hotmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing document was forwarded via U.S. Postal Mail to: David R. Owens, The Kroger Food Company, Law Department, 1014 Vine Street, Cincinnati, Ohio 45202.

This the 25th day of October 2012.

s/Randall B. Tolley BPR #: 14679
